BIG 5 CORP., Plaintiff—Appellant,

v.

GULF UNDERWRITERS INSURANCE COMPANY, Defendant—Appellee.

No. 03–56684.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 3, 2005.

Decided June 30, 2005.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Cassandra S. Franklin, Esq., Pasich & Kornfeld, Los Angeles, CA, for Plaintiff—Appellant.

David T. Dibiase, David J. Billings, Esq., Anderson, McPharlin & Conners LLP, Los Angeles, CA, for Defendant—Appellee.

* The Honorable Robert H. Whaley, United States District Judge for the Eastern District of Washington, sitting by designation.

Before: O'SCANNLAIN and RAWLINSON, Circuit Judges, and WHALEY,* District Judge.

## MEMORANDUM **

In this diversity case, Big 5 Corp. appeals the district court's grant of summary judgment in favor of Gulf Underwriters Insurance Company. We have jurisdiction under 28 U.S.C. § 1291. We review *de novo* the grant of summary judgment, *see Padfield v. AIG Life Ins. Co.*, 290 F.3d 1121, 1124 (9th Cir.2002), and we affirm.

## I

Here, the underlying facts are not in dispute. Rather, Big 5 Corp. argues that as a matter of law Gulf Underwriters is obligated to indemnify it for money it paid to settle claims made by its employees for unpaid overtime wages.

In November 1998, Big 5 Corp. purchased a liability policy from Gulf Underwriters Insurance Company (the "Policy"). The Policy provided coverage for loss incurred by Big 5 Corp. for wrongful acts, with the terms "loss" and "wrongful acts" defined by the Policy.

On August 8, 2001, Kim Mosely, Van Mosely, and Mark Girdner filed a class-action complaint in Los Angeles County Superior Court, hereinafter referred to as the *Mosely* lawsuit. The *Mosely* plaintiffs and class members alleged they were entitled to recover unpaid wages and attorneys' fees, statutory waiting time penalties, and restitution, disgorgement, and injunctive relief as a result of Big 5

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Corp.'s violations of California labor laws. On September 6, 2001, Big 5 Corp. notified Gulf Underwriters of the *Mosely* lawsuit. Gulf Underwriters denied coverage under the Policy.

Big 5 Corp. and the *Mosely* plaintiffs entered into a tentative settlement agreement that was ultimately ruled as reasonable by the Los Angeles County Superior Court on August 1, 2002. The total sum of the settlement was to be no more than $2,750,000.

## II

Because this is a diversity action that involves interpretation of an insurance contract, California insurance law governs the analysis. *Conestoga Servs. Corp. v. Executive Risk Indem., Inc.*, 312 F.3d 976, 980–81 (9th Cir.2002). Under California law, courts must construe insurance policy terms so as to give effect to the "mutual intention" of the parties at the time the policy was issued, and this intent should be inferred, to the extent possible, "solely from the written provisions of the [policy] contract." *MacKinnon v. Truck Ins. Exch.*, 31 Cal.4th 635, 3 Cal.Rptr.3d 228, 73 P.3d 1205, 1213 (2003) (internal quotation marks omitted); Cal. Civ.Code § 1636; *see also Bank of the West v. Superior Court*, 2 Cal.4th 1254, 10 Cal.Rptr.2d 538, 833 P.2d 545, 552 (1992) (same); *AIU Ins. Co. v. Superior Court*, 51 Cal.3d 807, 274 Cal.Rptr. 820, 799 P.2d 1253, 1264 (1990) (same).

In construing the policy, the court must start with the language of the contract, provided it is "clear and explicit, and does not involve an absurdity." Cal. Civ.Code § 1638. "The words used in a policy of insurance are to be construed according to the plain meaning a layman would ordinarily attach to them," *Ray v. Farmers Ins. Exch.*, 200 Cal.App.3d 1411, 246 Cal. Rptr. 593, 595 (1988), and "are to be understood in their ordinary and popular sense, ... unless used by the parties in a technical sense, or unless a special meaning is given to them by usage." Cal. Civ. Code § 1644; *Bank of the West*, 10 Cal. Rptr.2d 538, 833 P.2d at 552.

## III

The clear and explicit language of the Policy indicates that coverage does not extend to employment claims for unpaid wages as asserted by the *Mosely* plaintiffs.

The Policy covers loss that is incurred by Big 5 Corp. as a result of any designated claim made against Big 5 Corp. Loss does not include claims for "salaries, wages, overhead, or benefit expenses of the Directors or Officers of the Insured Company." Under the Policy, the term "Directors and Officers" is defined differently depending on whether the claim is an "Employment Claim." If the claim meets the definition of an Employment Claim, Directors and Officers are defined to include any persons who were, now are, or shall become employees of the Insured Company. An Employment Claim is a claim relating to any past, present, or prospective employee(s) of Big 5 Corp. that alleges wrongful employment practices. Wrongful employment practices include violations of employment laws.

Under the clear language of the policy, if the *Mosely* plaintiffs sought relief for unpaid overtime wages, such claim would not be covered by the Policy, because the claim would qualify as an Employment Claim, which would cause the the past and present employees of Big 5 Corp. to be defined as Directors and Officers, and the Policy precludes any claim for wages for Directors or Officers. In this case, the

*Mosely* plaintiffs' claims of violations of California labor laws meet the definition of a wrongful employment claim. As such, the *Mosely* plaintiffs are Directors or Officers of the Insured Company and their claim for unpaid wages is precluded from coverage by the express terms of the contract.

The clear and explicit language of the Policy also precludes coverage for defense costs, attorneys' fees, and incidental costs. While Loss may include damages, judgments, settlements, and defense costs, these amounts will be covered only if the underlying claims are covered. Because the Policy does not provide coverage for the *Mosely* plaintiffs' claims, it follows that coverage for Big 5 Corp.'s defense costs and attorneys' fees also is precluded.

### IV

The Policy clearly does not provide coverage for claims of overtime wages and Gulf Underwriters was not obligated to indemnify Big 5 Corp. for the costs of settling the *Mosely* plaintiffs' claims.

AFFIRMED.